No. ——

First Circuit

———

MUNSON v. WILSON

———

(June 7, 1927. Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 340.**

Testimony of the plaintiff that he did not enter into an agreement with the

defendant which is corroborated by circumstances will be taken as true.

2. Louisiana Digest—Appeal—Par. 625.

The finding of the trial court on matters of fact where clearly correct are affirmed.

Appeal from the Parish of East Feliciana. Hon. Charles Kilbourn, District Judge.

Action by H. T. Munson against Jim Wilson.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

George J. Woodside, of Clinton, attorney for plaintiff, appellee.

H. H. Kilbourne, of Clinton, attorney for defendant, appellant.

MOUTON, J. Plaintiff, a merchant, sues defendant for $202.00 for an alleged load and $2.00, the price of an axe.

The amount charged for the axe it not disputed.

The defense is in substance that defendant was to get an option for $200.00 on a tract of land from Mrs. E. T. Pond, in his individual name, that plaintiff and defendant were to each furnish one hundred dollars for the option, with the understanding that plaintiff was to get one-half the property, and defendant the other half.

The contention of the defendant is therefore that the $100.00 claimed by plaintiff was not a loan to him, but was to be used in a common venture for their joint benefit.

Due to a fall in the price of cotton defendant was unable to raise the amount necessary to take up the option, and says he so informed plaintiff, advising him that he could avail himself of the opportunity to take the property if he so desired. Plaintiff, instead of acceding to this proposition, claimed that he had not entered into any agreement to buy the property with defendant but had loaned him the $100.00 to secure the option for defendant, personally. Plaintiff testifies that he loaned defendant the amount, and charged it at the time of the loan on his account. If it had been handed to defendant for an investment for the joint purchase of real estate, it is not likely it would have appeared on the acount as an item against defendant. Plaintiff frankly admits that he wanted a portion of the property, which adjoined a property that he owns. He says the agreement was that defendant, after making the purchase, was to sell him the portion he needed. The proof shows that the tract consisted of about 240 acres of land. Plaintiff says he wanted about 75 or 80 acres of the place. It is not fair to presume that he would have entered into a contract with defendant, furnishing half of the option money, to take one-half of a 240-acre tract, when he needed or desired only 75 or 80 acres of it. This circumstance does not conclusively show that he could not have made such an agreement, but the reasonable inference is that he did not enter into it. That circumstance, though not furnishing absolute proof, has, at least the effect of corroborating the testimony of the plaintiff that the option had not been intended for a joint acquisition of the land; that he had loaned the $10.00 for which defendant was properly charged on the account. Evidently, the trial judge did not believe the contention by defendant that the option had been taken as a common venture between him and plaintiff. He believed the version of the agreement as

testified to by plaintiff in which we are unable to detect any reversible error.

Judgment affirmed.